# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 19, 2025

Lyle W. Cayce
Clerk

No. 24-40445

Thomas Goosby, III,

*Plaintiff—Appellant*,

*versus*

Jean L. Clark, *PA*; Carol D. Payne, *LVN*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:23-CV-50

_____

Before Southwick, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Thomas Goosby, III, Texas prisoner #01835670, seeks leave to proceed in forma pauperis (IFP) in this appeal from the dismissal of his civil rights complaint claiming that Defendants were deliberately indifferent to his serious medical needs when his treatment for a dislocated or separated shoulder was delayed for several months. The motion is a challenge to the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

The district court held that Defendants were entitled to sovereign immunity on Goosby's claims for monetary damages against them in their official capacities and were entitled to qualified immunity on Goosby's claims against them in their individual capacities. The district court also denied Goosby's motion for summary judgment and declined to exercise supplemental jurisdiction over his state-law claims.

Goosby argues that the district court's grant of summary judgment to Defendants was erroneous because his sworn declaration filed in connection with his summary-judgment motion raised genuine disputes of material fact as to whether Defendants were deliberately indifferent to his serious medical needs. However, Goosby's declaration and the medical records filed in connection with his declaration—as well as the complete set of medical records submitted by Defendants in connection with their summary-judgment motion—do not show that Defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any of Goosby's serious medical needs. *See Thompson v. Tex. Dep't of Crim. Just.*, 67 F.4th 275, 280-81 (5th Cir. 2023). To the contrary, the summary-judgment evidence in the record, including Goosby's declaration, indicates that Goosby was treated at his December 16, 2020 appointment and his March 29, 2021 appointment. To the extent that Goosby alleged in his declaration that Defendants were negligent or committed malpractice, such claims do not suffice to state a constitutional claim of deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Based on the foregoing, Goosby not shown any error in the district court's grant of summary judgment to Defendants or the denial of summary

No. 24-40445

judgment to him or that he will otherwise raise a nonfrivolous issue for appeal. Thus, the appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Goosby's motion for the appointment of counsel is likewise DENIED.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Goosby is WARNED that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).